18-2858-cv
*Sirois v. Long Island Railroad Company*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14ᵗʰ day of January, two thousand twenty.

PRESENT:   DENNY CHIN,
                    SUSAN L. CARNEY,
                              *Circuit Judges*,
                    BRENDA K. SANNES,
                              *District Judge.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

CARMELA SIROIS,

                              *Plaintiff-Appellant*,

                    v.                                                    18-2858-cv

LONG ISLAND RAILROAD COMPANY,
                              *Defendant-Appellee*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:            Chester H. Lauck, Lauck Law Firm, Little
                                                        Rock, Arkansas.

---

*        Judge Brenda K. Sannes, of the United States District Court for the Northern District of New York, sitting by designation

FOR DEFENDANT-APPELLEE:          Brian K. Saltz, *for* Mark D. Hoffer, Vice
                                 President/General Counsel & Secretary, Long
                                 Island Railroad Company, Jamaica, New York.

Appeal from the United States District Court for the Eastern District of New York (Cogan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-appellant Carmela Sirois appeals from the August 24, 2018 judgment of the district court dismissing her claims against defendant-appellee Long Island Railroad Company ("LIRR").  By memorandum decision and order entered August 24, 2018, the district court granted LIRR's motion to dismiss the complaint pursuant to Fed R. Civ. P. 12(b)(6).  Sirois, an employee of LIRR, alleged that LIRR violated the Federal Railroad Safety Act (the "FRSA") by retaliating against her after she reported a work-related personal injury. *See* 49 U.S.C. § 20109 *et seq.*  Specifically, Sirois alleges that LIRR violated the FRSA's anti-retaliation provisions by changing her injury status from work-related to non-work-related, resulting in the loss of certain benefits. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

The facts alleged in the complaint are assumed to be true.  Sirois is a member of the Transportation Communications Union, which is party to a collective bargaining agreement with LIRR according to which LIRR is required to cover medical

treatment and wage continuation benefits in connection with work-related injuries. On July 16, 2012, Sirois injured her lower back while cleaning an office in the course of her duties. LIRR's medical department classified her injury as resolved within 24 hours, and refused to pay medical expenses or wage continuation benefits.

Then began a tug-of-war, during which Sirois's injuries were alternately classified as work-related or non-work-related a half-dozen times. Thus on February 7, 2013, an independent medical examination panel determined that Sirois's injury was work-related. On October 30, 2013, an LIRR physician reclassified her injury as non-work-related. In response, Sirois filed a claim under the FRSA with the U.S. Department of Labor's Occupational Safety Health Administration ("OSHA"). On March 20, 2014, the claim was settled and Sirois's injury was again classified as work-related. On September 18, 2014, LIRR reclassified her injury as non-work-related for a second time. Sirois, through her union, challenged the status change, and on December 9, 2014, an independent medical examination again found that her injury was work-related. On November 16, 2016, LIRR for a third time reclassified Sirois's injury as non-work-related.

Each time that LIRR reclassified her injury as non-work-related, it stopped paying for her medical treatment and wage continuation benefits. The complaint alleges that Sirois engaged in protected activity when she first reported her injury on

July 16, 2012, and that LIRR's reclassification of her injury on November 16, 2016, constituted an adverse personnel action.

## I.      Standard of Review

"This Court reviews *de novo* a district court's grant of a motion to dismiss under Rule 12(b)(6)." *Littlejohn v. City of New York*, 795 F.3d 297, 306 (2d Cir. 2015). "On a motion to dismiss, all factual allegations in the complaint are accepted as true and all inferences are drawn in the plaintiff's favor." *Id.* at 306-07. The complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pleadings that "are no more than conclusions[] are not entitled to the assumption of truth." *Id.* at 679.

## II.      Discussion

The purpose of the FRSA is "to promote safety in every area of railroad operations." 49 U.S.C. § 20101. To that end, the FRSA prohibits railroad carriers from retaliating against employees who engage in various safety-related protected activities, providing that a railroad:

> may not discharge, demote, suspend, reprimand, or in any other way discriminate against an employee if such discrimination is due, in whole or in part, to the employee's lawful, good faith act done, or perceived by the employer to have been done or about to be done-- . . . to notify, or

- 4 -

> attempt to notify, the railroad carrier . . . of a work-related
> personal injury or work-related illness of an employee.

*Id.* at § 20109(a).[2]

FRSA retaliation claims are evaluated under the burden-shifting test of the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century ("AIR 21"). *See* 49 U.S.C. § 42121(b); *see also* 49 U.S.C. § 20109(d)(2)(A)(i). Because "Congress intended [this burden-shifting framework] to be protective of plaintiff-employees," it is "much easier for a plaintiff to satisfy than the *McDonnell Douglas* standard." *Arauju v. N.J. Transit Rail Operations, Inc.*, 708 F.3d 152, 159-60 (3d Cir. 2013). Accordingly, to establish a *prima facie* claim of retaliation under the FRSA, an employee must show by a preponderance of the evidence that (1) she engaged in protected activity as defined in the statute; (2) she suffered an unfavorable personnel action; and (3) the protected activity was a contributing factor in the unfavorable action. *See Metro-North Commuter R.R. Co. v. Dep't of Labor*, 886 F.3d 97, 104-06 (2d Cir. 2018). "Once a *prima facie* case is established, the railroad can rebut it by prov[ing] by clear and convincing evidence that

---

[2]     For the first time on appeal, Sirois alleges claims under 49 U.S.C. § 20109(c), which prohibits a railroad carrier from denying, delaying, or interfering with the medical or first aid treatment of an employee who is injured during the course of employment. Because Sirois's complaint and briefings below did not allege violations of § 20109(c), we consider such claims waived. *See Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal.").

it would have taken the same unfavorable personnel action in the absence of the complainant's protected behavior."  *Id.* at 104 (internal quotation marks omitted).

While this Circuit has not had occasion to define what qualifies as an adverse personnel action under the FRSA's prohibition on discriminating against an employee, the FRSA's language parallels that of other anti-retaliation statutes, including Title VII.  *See* 42 U.S.C. § 2000e-3(a) ("It shall be an unlawful employment practice for an employee to discriminate against any of his employees or applicants for employment . . . .").  In *Burlington Northern & Santa Fe Railway Co. v. White*, the Supreme Court interpreted Title VII's anti-retaliation provision as prohibiting any action that "could well dissuade a reasonable worker from making or supporting a charge of discrimination."  548 U.S. 53, 57 (2006).  Whether the *Burlington Northern* standard applies to retaliation claims under the FRSA is an open question.[3]  We need not decide the issue here, however, because even assuming Sirois suffered an adverse employment

---

[3]  We have held that the *Burlington Northern* standard applies to retaliation under other statutes.  *See Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 164 (2d Cir. 2011) (applying the *Burlington Northern* standard to Family Medical Leave Act); *Kessler v. Westchester Cty. Dep't of Soc. Servs.*, 461 F.3d 199, 209 (2d Cir. 2006) (applying *Burlington Northern* standard to Age Discrimination in Employment Act).

action, she failed to establish that the protected activity was a contributing factor in the unfavorable action.[4]

Sirois argues that her allegation, if proven, would support the inference that her reporting of her injury was a contributing factor in LIRR's adverse employment action. We disagree.

> A plaintiff can establish a *prima facie* case that his protected activity was a contributing factor in the adverse action by . . . circumstantial evidence . . . includ[ing] [1] temporal proximity, [2] indications of pretext, [3] inconsistent application of an employer's policies, [4] an employer's shifting explanations for its actions, [5] antagonism or hostility toward a complainant's protected activity, [6] the falsity of an employer's explanation for the adverse action taken, and [7] a change in the employer's attitude toward [the complainant] after he or she engages in protected activity.

*Niedziejko v. Del. & Hudson Ry. Co.*, No. 18-0675, 2019 WL 1386047, at *43 (N.D.N.Y. Mar. 27, 2019) (internal quotation marks and citation omitted).

Temporal proximity may support a *prima facie* inference that the protected activity was a contributing factor, but only where the protected act and the retaliation occur in quick succession. *See Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001) (holding that, under Title VII, where temporal proximity is accepted as sufficient evidence to establish a *prima facie* case, "the temporal proximity must be very close")

---

[4] Whether a retaliation claim requires a showing of intent is also an open question in this Circuit. We need not reach the issue here, however, as the complaint does not allege LIRR acted with intent, but rather with "reckless disregard" and "complete indifference." J. App'x at 9.

- 7 -

(internal quotation marks omitted).  "This court has not drawn a bright line to define the outer limits beyond which a temporal relationship is too attenuated to establish a causal relationship . . . ."  *Gorman-Bakos v. Cornell Co-op Extension of Schenectady Cty.*, 252 F.3d 545, 554 (2d Cir. 2001).  Rather, the Court may "exercise its judgment about the permissible inferences that can be drawn from temporal proximity in the context of particular cases."  *Espinal v. Goord*, 558 F.3d 119, 129 (2d Cir. 2009).  *Compare Natofsky v. City of New York*, 921 F.3d 337, 353 (2d Cir. 2019) (finding negative performance review nearly one year after complaint was made to be too attenuated to infer causal connection), *and Duplan v. City of New York*, 888 F.3d 612, 625-26 (2d Cir. 2018) (two-year delay between filing of EEOC charge and adverse employment action does not support inference of causation), *with Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 769 (2d Cir. 1998) (discharge less than two months after plaintiff filed sexual harassment complaint was *prima facie* evidence of causal connection between protected activity and retaliation).

Here, the alleged adverse employment action (reclassification of her injury in November 2016) occurred over four years after the protected activity (reporting the injury in July 2012).[5]  A temporal gap of over four years is too attenuated to support the

---

[5]    Although the complaint refers to two earlier reclassifications of her injury, one in 2013 and one in 2014, Sirois does not contend that these reclassifications were adverse employment actions.  While these prior reclassifications may be relevant as background, *see Mercier v. Dept' of Labor*, 850 F.3d 382, 388-89 (8th Cir. 2017), the complaint identifies only the November 2016 reclassification as actionable adverse action.

requisite inference. Sirois thus failed to plausibly allege that her protected activity was a contributing factor in the unfavorable treatment. Accordingly, we conclude that the district court did not err when it dismissed Sirois's claim.

* * *

We have considered Sirois's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk